

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-15-00444-CV
_____

BILLY JOE GARZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 106th District Court
Garza County, Texas
Trial Court No. 88-1584; Honorable Carter T. Schildknecht, Presiding

December 28, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Billy Joe Garza, filed a notice of restricted appeal from the trial court's order denying his *Motion for Exemption from* [Sex Offender] *Registration*. In 1988, Garza was charged with "intentionally and knowingly, with the male sex organ . . . [causing] the penetration of the female sexual organ of [the victim], a child younger than 17 years of age" and not Garza's spouse. Pursuant to a plea bargain, he was convicted

of sexual assault under section 22.011 of the Texas Penal Code and sentenced to seven years confinement.[1]  At the time of the offense, according to Garza's sworn motion, he was seventeen and the victim was fourteen years old.  By a sole issue, he maintains the trial court abused its discretion in denying his motion for exemption from registration without holding a hearing.  We affirm.

JURISDICTION

The State asserts this court is without jurisdiction to entertain Garza's appeal. Under the circumstances of the case before us, we disagree.

PETITION FOR EXEMPTION—APPLICABLE LAW

In 2001, the Legislature enacted article 42.017 of the Texas Code of Criminal Procedure entitled "Finding Regarding Age-Based Offense."  The statute requires the trial court to make an affirmative finding of fact and enter it in the judgment of conviction in cases tried under section 21.11 or 22.011 of the Texas Penal Code.  TEX. CODE CRIM. PROC. ANN. art. 42.017 (West Supp. 2016).  The affirmative finding is contingent on the defendant not being more than four years older than the victim or intended victim.  It also requires that the victim or intended victim be at least fifteen years of age.  Finally, the conviction must be based solely on the ages of the defendant and the victim or the intended victim at the time of the offense.  *Id.* at (1), (2).

---

[1] TEX. PENAL CODE ANN. § 22.011.  At the time of the offense, "child" was defined as a person younger than seventeen years of age who was not the spouse of the actor.  *See* Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 3, 5311 Tex. Gen. Laws 5314.  Under the statute, it was an affirmative defense to prosecution that the actor was not more than two years older than the victim.  *See id.*

2

Under article 62.301 of the Texas Code of Criminal Procedure, at any time, a person required to register as a sex offender may petition the court for an exemption from sex offender registration if he establishes his eligibility to do so. TEX. CODE CRIM. PROC. ANN. art. 62.301(a) (West Supp. 2016). As applicable to the facts of this case, a person is eligible to petition for an exemption from sex offender registration if (1) the person is required to register only as a result of a single reportable conviction or adjudication and (2) the court has entered an affirmative finding described by article 42.017. *Id.* at (b). The trial court having jurisdiction over the petition *may* then hold a hearing to determine whether a preponderance of the evidence establishes the criteria entitling a defendant to exemption from sex offender registration. (Emphasis added). *Id.* at (c-1), (d).

ANALYSIS

Garza was convicted in 1988 and sentenced to confinement for seven years. By his sworn admission in his motion for exemption, Garza recites that his victim was only fourteen at the time of the offense. To be entitled to an affirmative finding that the offense was age-based, Garza's victim would have had to have been at least fifteen years old at the time of the offense. The age of the victim in this case precludes Garza from being eligible for an exemption from sex offender registration under article 42.017 of the Code. Because Garza's own motion established that he was not eligible for an exemption, the trial court did not err by denying his motion for exemption from registration without a hearing. Garza's sole issue is overruled.

CONCLUSION

The order of the trial court denying an exemption from registration is affirmed.


Patrick A. Pirtle
Justice

4